**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00489-CR**
**NO. 09-17-00490-CR**

_____

**ALEXANDER BURLEIGH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 16-11-13733-CR, 17-01-00685-CR**

**MEMORANDUM OPINION**

In these appeals, Alexander Burleigh's court-appointed appellate counsel submitted briefs arguing that he could not advance any arguments to support Burleigh's appeals from the sentences that Burleigh received after he pleaded guilty to indictments charging him with engaging in sexual contact with a child.[1] After

---

[1] *See* Act of May 23, 2001, 77th Leg., R.S., ch. 739, § 2, sec. 21.11(a)(1), 2001 Tex. Gen. Laws 1463, 1463 (amended 2009, 2017) (current version at Tex. Penal Code Ann. § 21.11(a)(1)).

1

fully examining the trial court's records, we agree with counsel's argument that Burleigh's appeals are frivolous.

After Burleigh filed his notices of appeal, Burleigh's counsel filed *Anders* briefs presenting counsel's evaluation of the trial court's records. In the appellate briefs, counsel concludes he cannot raise any issues in Burleigh's appeals that would, if granted, require the Court to give Burleigh another sentencing hearing.[2] After counsel submitted briefs, we ordered the clerk to supplement the clerk's record and provide the Court with additional pleadings to allow the Court to determine if any arguable issues exist that counsel could have raised in support of Burleigh's appeals. We also directed Burleigh's appellate counsel to send Burleigh a second letter to inform him about his right to file a pro se brief. We did so because counsel's original letter contains information that refers Burleigh to a case in which Burleigh was not a party. Then, we gave Burleigh more time so he could file *pro se* responses in his appeals. But Burleigh did not file any *pro se* responses to support his appeals.

The trial court's records show that in 2017, without the benefit of a plea agreement, Burleigh pleaded guilty to indictments charging him with engaging in sexual contact with a child.[3] Following a sentencing hearing, the trial court gave

---

[2] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[3] *See* 2001 Tex. Gen. Laws at 1463.

Burleigh ten-year-concurrent sentences in the cases that are the subjects of these appeals.

After reviewing the appellate records and the *Anders* brief filed by Burleigh's counsel, we agree with counsel's determination that there are no arguable issues to support Burleigh's appeals. We also conclude that Burleigh's appeals are frivolous and that new counsel need not be appointed to re-brief the appeals.[4] As a result, we affirm the trial court's judgments in trial court cause numbers 16-11-13733-CR and 17-01-00685-CR.[5]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 1, 2019
Opinion Delivered August 28, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

_____

[4] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if the appellate court determines arguable grounds exist to support the defendant's appeal).

[5] Burleigh may challenge our decision in these cases by filling petitions for discretionary review. *See* Tex. R. App. P. 68.

3